IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. | 5:22-CR-295 (DNH) |
| | ) | | |
| v. | ) | **Information** | |
| | ) | | |
| **JAY GARNSEY,** | ) | Violations: | 29 U.S.C. § 501(c) |
| | ) | | Embezzlement of Labor Union |
| | ) | | Assets |
| | ) | | |
| | ) | 1 Count | |
| | ) | | |
| **Defendant.** | ) | County of Offense: | Herkimer |

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**[Embezzlement of Labor Union Assets]**

From in or about January 2016, through in or about December 2019, in the Northern District of New York, defendant **JAY GARNSEY**, while an officer, that is, Financial Secretary, of United Mine Workers, Local Union 717, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of at least $38,557.84, in violation of Title 29, United States Code, Section 501(c).

**FORFEITURE ALLEGATION**

1. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), upon conviction of an offense in violation of Title 29, United States Code, Section 501(c), the defendant, **JAY**

**GARNSEY**, shall forfeit to the United States of America his interest in any property, real and personal, which constitutes and is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

(a)   a money judgment for the amount of $38,557.84.

If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: September 28, 2022
CARLA B. FREEDMAN
United States Attorney

By:   Thomas R. Sutcliffe
Thomas Sutcliffe
Assistant United States Attorney
Bar Roll No. 700766