IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:22-cr-00295 (DNH) |
| | ) | |
| v. | ) | |
| | ) | |
| **JAY GARNSEY,** | ) | |
| | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, submits the following sentencing memorandum to the Court.  As stated below, the government recommends that the Court: (1) impose a term of imprisonment between one and six months, (2) impose a term of imprisonment between one and three years, (3) impose a restitution order in the amount of $38,172.76, and (4) enter its preliminary order of forfeiture as a final order.

**A.    Introduction**

On September 28, 2022, defendant Jay Garnsey waived indictment and pleaded guilty, pursuant to a plea agreement, to an information charging him with one count of embezzlement of labor union assets, in violation of 29 U.S.C. § 501(c).  Dkt. No. 4.  The probation office lodged an initial PSR on February 12, 2024.  Dkt. No. 11 ("PSR").  Sentencing is scheduled for March 21, 2024, in Utica, NY.

**B.    Offense Conduct**

Beginning in March 2009, Garnsey was employed by Remington Arms in Ilion, NY.  Dkt. No. 3, Plea Agreement at ¶ 5(a).  From late 2015, to December 2019, he also was the Financial

Secretary for the United Mine Workers of America, Local 717 ("UMWA Local 17"), and thus an officer of that union. *Id.*  As financial secretary, Garnsey was responsible for the receipt, collection, expenditure, and investment of union funds.  Plea Agreement at ¶ 5(b).  He also was the sole individual responsible for reviewing and paying the union's expenses.  *Id.*  During his time as financial secretary, Garnsey embezzled at least $38,172.76 belonging to UMWA Local 17 for his personal use.  Plea Agreement at ¶ 5(f).

    **C.**    **Applicable Statutory Provisions**

Garnsey is punishable as follows:

- A maximum term of imprisonment of five years.  *See* 29 U.S.C. § 501(c).

- A maximum fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3).  The Court also has discretion pursuant to 18 U.S.C. § 3571(b) & (d) to impose an alternative fine of the greater of $250,000 or twice the pecuniary gain to the defendant or loss to any victim resulting from the offense of conviction.

- Supervised Release: A maximum term of supervised release of three years.  *See* 18 U.S.C. § 3583(b)(2).

- Mandatory Special Assessment: Garnsey is required to pay a mandatory special assessment of $100.  18 U.S.C. § 3013(a)(2)(A).

    **D.**    **Guidelines Calculations**

        **i.**    **Offense Level**

The government agrees with the probation office's determination that Garnsey's total guidelines offense level is 8.  PSR ¶ 43.

### ii. Criminal History Category

The government agrees with the probation office's determination that Garnsey's criminal history category is I. PSR ¶ 48.

### iii. Guidelines Ranges

The government agrees with the probation office's determination that Garnsey's guidelines imprisonment range is zero to 6 months and that the guidelines recommend a term of supervised release of between one to three years. PSR ¶¶ 77, 81.

## E. Government's Sentencing Recommendations

### a. Imprisonment

The government recommends that the court impose a term of imprisonment of between one and six months. The need for a sentence that "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, . . . provide[s] just punishment for the offense," and "afford[s] adequate deterrence" supports the recommended sentence. *See* 18 U.S.C. §3553(a)(2)(A) and (B).

Garnsey was formerly the Financial Secretary for UMWA Local 17. His job was to make payments on the union's behalf. Those payments were made using union funds, which were derived from the dues paid by Garnsey's coworkers. The funds were supposed to be used to help the union fulfil its mission of advocating on behalf of its members. Garnsey, however, embezzled over $38,000 of those funds. By doing so, he stole from not only the union, but also his coworkers, and he abused the trust both placed in him. A short term of incarceration would reflect the seriousness of that offense and deter Garnsey and others from committing similar offenses in the future.

      **b.**    **Supervised Release**

The government recommends that the Court impose a one-to-three term of supervised release, as recommended by the guidelines.

      **c.**    **Fine**

The government recommends that the Court not impose a fine.

      **d.**    **Restitution**

In his plea agreement, Garnsey agreed to pay restitution to UMWA Local 17 in the amount of $38,172.76. Plea Agreement at ¶ 1(d). The government asks the Court to impose a restitution order in that amount.

      **e.**    **Forfeiture**

The government asks the Court to impose as a final order the preliminary order of forfeiture it entered on January 5, 2023. Dkt. No. 10.

**F.**    **Conclusion**

For the reasons stated above, the government asks the Court to impose the above-recommended sentence.

Dated: March 1, 2024.

                                                                  CARLA B. FREEDMAN
                                                                  United States Attorney

                                                By: */s/ Thomas R. Sutcliffe*
                                                      Thomas R. Sutcliffe, Bar Roll No. 700766
                                                      Assistant United States Attorney