UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**,

vs.

**JAY GARNSEY**

        Defendants

Case Number.:
5:21-CR-295 (DNH)

---

## SENTENCING MEMORANDUM OF MR. JAY GARNSEY

Defendant Jay Garnsey, through Counsel Cory Zennamo, Esq., of Zennamo Litigation & Advocacy, PLLC, hereby requests the Court to consider the following in determining a sentence that is sufficient but not greater than necessary to fulfill the goals and purpose of sentencing as articulated in the Federal Sentencing Guidelines:

1. Mr. Garnsey is a happily married father of five (5) children with ages spanning from one (1) to seventeen (17). Both Mr. Garnsey and his wife were employed by (the now defunct) Remington Arms. While Mr. Garnsey engaged in the theft articulated in the Government's Information, he has otherwise led a law-abiding life as a contributing member of society.

2. Mr. Garnsey elected to take full responsibility for the allegations brought against him, agreeing to accept prosecution by information to remediate any inconvenience or additional cost his actions may pose on the Government, even deciding to retroactively waive a statute of limitation argument on some of the funds calculated as being improperly obtained. Mr. Garnsey acknowledged that his actions were wrong and demonstrated recognition of the consequences of his conduct imposed on his relationship with his family. Mr. Garnsey has spent his entire life in a tiny community where everyone not only knew his name, his family, his history, but now recognizes the errors of his decisions. Mr. Garnsey acknowledges that his conduct will forever exist in the collective mind of the

community he grew up in and has recognized the burden that emanates from it.  He has apologized and will do everything in his power to make those aggrieved whole.

     3.    As expressed by the Probation Department, Mr. Garnsey qualifies as "Zero-Point" offender pursuant to U.S.S.G. 4C1.1, and consequently, "a sentence other than a sentence of imprisonment" is appropriate.  U.S.S.G. 5C1.1, Note 10.  Here, Mr. Garnsey's familial responsibilities, lack of prior criminal conduct, and complete acceptance of responsibility combined with his complete cooperation make him the ideal candidate for a straight probationary sentence.

     4.    As such, it is respectfully requested that the Court impose a probationary sentence in the necessary amount of time to give Mr. Garnsey the opportunity to pay his restitution obligations.

*Cory Zennamo*

By:  Cory Zennamo, Esq.
Zennamo Litigation & Advocacy, PLLC
Attorney for Mr. Jay Garnsey
47 West Street, Suite 1
Ilion, NY 13357